PULLMAN COMPANY *v.* SIGMUND G. STERN.

[41 South. Rep., 383.]

CARRIERS.  *Sleeping cars.  Proximate cause.  Concrete case.*

The failure of a sleeping car company to give a passenger a continuous passage on the car on which he began his journey, as it had contracted to do, is not the proximate cause of an injury suffered by him after alighting, at an intermediate point, while walking on a railroad platform awaiting another car.

FROM the circuit court of Wilkinson county.

HON. MOYSE H. WILKINSON, Judge.

Stern, the appellee, was plaintiff in the court below; the Pullman Company, appellant, was defendant there.  From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Plaintiff was en route from Lyman, Colo., to Memphis, Tenn., having through railroad transportation and a berth check evidencing his right to occupy the through Pullman sleeping car, Meath, while on his journey.  When the train was approaching Kansas City, the plaintiff was informed by the Pullman conductor that the car in which he was riding would be cut out there and not carried through to Memphis, because they were two hours late and the train which would have carried the car from Kansas City to Memphis had they been on time had departed, and telling him, also, that he would not be inconvenienced by getting off; that the porter would take his baggage out of the car and place it on another Pullman car, which would be standing on the track.  On arriving at Kansas City, plaintiff disembarked, the porter aiding him by taking his baggage.  The car to which plaintiff expected to be transferred was not found standing near the one from which he disembarked, and the porter did not assist him in finding it, but turned his baggage

over to him, telling him to go up to the depot and see an official of the company. This plaintiff did, and was given a through check to Memphis in another sleeper. In going up to the depot after leaving the train at Kansas City, plaintiff slipped and fell, striking his knee on the railroad platform, and received an injury, for which he brought this suit. Plaintiff was detained in Kansas City about two hours, after which he was transported to Memphis in another sleeping car, practically as good as the one on which he came from Lyman, Colo., to Kansas City. On the trial below, the defendant objected to all testimony about injuries received by plaintiff while walking to the depot. The court overruled the objection.

*McWillie & Thompson,* for appellant.

Nothing can be clearer than that the plaintiff's slipping and falling cannot be attributed, in any just sense, to any act of the Pullman Company or its employes. If we concede that the Pullman Company was negligent in the performance of its duty in any way to the plaintiff, yet the plaintiff's slip and fall and injury to his knee were not the proximate result of such negligence.

Where a result is such that no reasonable man would expect it to occur, and no knowledge is shown in the person doing the negligent or wrongful act that such a state of fact exists as to make the danger probable, the injury will not be regarded as actionable. *Chattanooga, etc., Co.* v. *Hodges,* 109 Tenn., 331 (s.c., 70 S. W. Rep., 619; 97 Am. St. Rep., 814).

In the present case we do not concede that the Pullman Company was a wrong-doer in any sense, but if it be assumed that it had done some wrong to plaintiff, thereby causing him to leave the car, surely no reasonable man could have expected as a result of plaintiff leaving the car, much less of the precedent act of defendant, that he would slip and fall on a railroad platform of which no complain is made.

Where two distinct successive causes wholly unrelated in

operation contribute towards the production of an accident resulting in injury and damage, one of such causes must be the proximate and the other the remote cause of the injury. A prior and remote cause cannot be made the basis of an action for the recovery of damages if such remote cause do nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct successive, unrelated and sufficient cause of the injury. *Missouri Pac. R'y Co.* v. *Columbia,* 69 Pac. Rep. (Kan.), 338 (s.c., 28 Am. & Eng.).

The remote cause of the accident in this case was, perhaps, plaintiff leaving the car "Meath," but this cause did nothing more than furnish the condition and give rise to the occasion by which the injury was made possible. The direct cause of plaintiff's injury was his slip and fall. The plaintiff's slipping was a distinct, successive, unrelated and sufficient cause of the injury. The acts of defendant were one step further away in the chain of causes even than plaintiff's departure from the car.

A more direct authority could not be found applicable to this case than that of *Haley* v. *St. Louis Transit Co.,* 77 S. W. Rep., 731 (s.c., 35 Am. & Eng. Ency. R. R. Cases [N. S.], 142; s.c., 64 L. R. A., 295), in which it appeared that a street car company negligently carried a passenger beyond her destination; the passenger alighted one block further away from her home than the point at which she had intended to alight and walked back in the direction of her home, and while so walking she slipped on an icy sidewalk, fell and injured herself. The supreme court of Missouri held that the negligence of the railroad company in carrying the passenger beyond her destination was not the proximate cause of her injuries produced by the fall. In *Roedecker* v. *Metropolitan St. R'y Co.* (N. Y.), 87 App. Div., 227, a driver of one of defendant's horse cars drove the horses so fast and so negligently that one of them fell, and the car ran upon his hind quarters. The driver and others

pushed back the car, thereby releasing the horse. As the horse's feet were freed he kicked violently and struck plaintiff, a passenger upon the car, lawfully standing on its front platform. A judgment for the plaintiff was reversed, the court holding that the negligence of the driver in causing the horse to fall was not the proximate cause of the plaintiff's injuries. Surely the acts of defendant which induced Stern's leaving the Pullman car was not the cause of his falling on the railroad platform; his fall could not reasonably have been anticipated, nor could it have been reasonably anticipated that he would meet with any other accident.

In *Gibson* v. *International Trust Co.* (Mass.), 17 Am. Neg. Rep., 248, it appeared that the janitor of a building moved the stool of the elevator boy, who, not knowing of the removal, lost his balance when he attempted to sit down, and to save himself from falling, clutched at the elevator lever, thus starting the elevator and thereby injuring a passenger. The court held that the act of the elevator boy in clutching the lever, and not the act of the janitor in moving the stool, was the proximate cause of the injury.

In the case of *Illinois, etc., R. R. Co.* v. *Wooley,* 77 Miss., 927 (s.c., 28 South. Rep., 26), this court held that the proximate cause of injuries received by the plaintiff's intestate in a collision resulting from a box car being carried by a wind storm down an incline of a side track on which it was standing to the main line, the car having its brakes properly set, but not blocked as required by the company, was the negligence of the servant of the company whose duty it was to block the car, and not the negligence of the company itself in having its side track improperly constructed.

This court again, in the case of *Alabama, etc., R'y Co.* v. *Rooks,* 78 Miss., 91 (s.c., 28 South. Rep., 821), decided that the acts of the railway company in allowing a tank car containing cotton seed oil to escape from the train and run down a grade in the track until it struck an obstruction, breaking the

tank and spoiling the oil, whence it flowed into an adjoining pasture, accumulated in low places and there remained for several days, were not the proximate cause of the death of the cows which drank the oil in the pasture and died from its effect.

The injury to plaintiff's knee—and for this injury alone it was that he called a physician—was too remote to be charged against anything done or left undone by the Pullman Company or its employes.

The court below should not have permitted the testimony, over defendant's objection, to have been introduced, showing that the plaintiff slipped and fell; but, having done so, surely the court ought to have given the defendant the requested instruction, directing the jury not to award any damages on account thereof; but the court, instead of giving the instruction, refused it.

*Bramlette & Tucker,* for appellee.

Our contention is that this is a question of contract which appellant failed to perform, and it is liable to appellee for all damages sustained by reason of such failure, and no secret agreement between appellant and the railroad company can relieve it of this obligation.

Appellant contracted to transport appellee from Lyman, Colorado, on its sleeper, in a particular berth, through to Memphis, Tennessee, and when the train was delayed at Kansas City, the appellee was induced to leave the car through a false representation, the officer, conductor, of appellant, took charge and custody of appellee and directed him how to proceed to another officer of appellant, and while following these directions appellee was injured. In fact, appellee was under the care and control of appellant from the time he left Lyman until he reached Memphis; and as we said at the outset, it is a question of contract, and we deem it unnecessary to cite authorities.

In the court below, appellant cited, as we remember, a case from the United States circuit court, but the facts of that case

and the one at bar, are not at all similar. The case was submitted to the jury on conflicting testimony, and the finding being for appellee, we insist that substantial justice has been done, and the judgment of the court below should be affirmed.

Argued orally by *T. A. McWillie,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The court below erred in admitting evidence against appellant to show the liability on the part of appellant for damages caused appellee growing out of his slipping and falling on a platform, after he had left the Pullman car. The failure of the Pullman Company to fulfill its contract for continuous passage to Memphis, Tennessee, was in no way the proximate cause of this injury. We decide nothing, at this time, as to the liability of the company otherwise.

*Reversed and remanded.*